IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KNOWLES ELECTRONICS, LLC , | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | No. 11 C 6804 |
| | ) | |
| v. | ) | Hon. Joan H. Lefkow |
| | ) | |
| ANALOG DEVICES, INC., | ) | |
| | ) | |
| **Defendant.** | ) | |

**OPINION AND ORDER**

Presently before the court is Knowles Electronics, LLC's ("Knowles") motion to dismiss Analog Devices, Inc.'s ("ADI") counterclaims requesting declarations of non-infringement and invalidity regarding U.S. Patent No. 7,537,964 ("the '964 patent"). The issue presented is whether ADI may assert counterclaims regarding the '964 patent, even though Knowles has withdrawn its claim that ADI is infringing that patent.

Knowles's complaint alleged that ADI infringed one or more claims of the '964 patent as well as one or more claims of U.S. Patent No. 8,018,049 ("the '049 patent"). Knowles's first amended complaint, filed pursuant to the agreed scheduling order and Federal Rule of Civil Procedure 15, alleges only that ADI infringes the '049 patent. *See* Dkt. #51. Nevertheless, ADI, in its answer, affirmative defenses, and counterclaims to the first amended complaint, requested declarations of non-infringement and invalidity regarding all claims of both the '049 and '964 patents. *See* Dkt. #61 at 6–7.

Knowles moves to dismiss ADI's counterclaims regarding the '964 patent, arguing (1)

under *Streck, Inc.* v. *Research & Diagnostic Systems, Inc.*, 665 F.3d 1269 (Fed. Cir. 2012), this court lacks jurisdiction over ADI's counterclaims because there is no continuing case or controversy, (2) even if there is a case or controversy, the court should exercise its discretion to decline jurisdiction, and (3) in the alternative, the court should dismiss the non-infringement counterclaim for failure to state a claim. Knowles requests that the court set a schedule for assessing and alleging compulsory counterclaims in the event that its motion to dismiss is denied. For the following reasons, Knowles's motion to dismiss [#74] will be granted in part and denied in part.

I.   **Motion to Dismiss**

    A.   **Whether there is a continuing case or controversy**

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The phrase "case of actual controversy" refers to the types of cases and controversies that are justiciable under Article III of the Constitution. *Aetna Life Ins. Co.* v. *Haworth*, 300 U.S. 227, 240, 57 S. Ct. 461, 81 L. Ed. 617 (1937). To determine whether a declaratory judgment action satisfies Article III's case or controversy requirement, courts examine "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc.* v. *Genentech, Inc.*, 549 U.S. 118, 127, 127 S. Ct. 764, 166 L. Ed. 2d 604 (2007) (quoting *Md. Casualty Co.* v. *Pac. Coal & Oil Co.*, 312 U.S. 270, 273, 61 S. Ct. 510, 85 L. Ed. 826 (1941)). An actual controversy must

2

exist throughout all stages of the case, not merely at the time the complaint was filed. *Benitec Australia, Ltd.* v. *Nucleonics, Inc.*, 495 F.3d 1340, 1345–46 (Fed. Cir. 2007). In addition, "the existence of a 'case or controversy must be evaluated on a claim-by-claim basis.'" *Streck*, 665 F.3d at 1281 (quoting *Jervis B. Webb Co.* v. *So. Sys., Inc.*, 742 F.2d 1388, 1399 (Fed. Cir. 1984)). In determining whether a case or controversy exists, the court is not restricted to the allegations in the pleadings and may review extrinsic evidence, such as affidavits or deposition testimony, to analyze the circumstances of the case. *See Cedars-Sinai Med. Ctr.* v. *Watkins*, 11 F.3d 1573, 1584 (Fed. Cir. 1993).

In support of jurisdiction, ADI's counterclaim alleges that Knowles's original complaint and initial infringement contentions assert that ADI infringed the '964 patent.[1] ADI further asserts, in response to Knowles's motion to dismiss, that after Knowles filed its amended complaint, ADI asked Knowles whether it would agree to dismiss its claims regarding the '964 patent with prejudice, and Knowles refused. *See* Dkt. #75-8, 75-9. Finally, ADI asserts that Knowles has a history of litigating patents against ADI in this court and before the United States International Trade Commission ("ITC"). According to ADI, the patents at issue in this suit are in the "same family" as the patents at issue in Knowles's prior suits against ADI. *See* Dkt. #78 at 2 & n.1. Knowles does not contest ADI's characterization of the other patents as similar.

Knowles argues that the Federal Circuit's recent decision in *Streck* indicates that these facts do not demonstrate an actual case or controversy regarding the '964 patent. In *Streck*, the

---

[1] Knowles argues that ADI cannot rely on Knowles's initial infringement contentions because Local Patent Rule 1.6 provides that initial disclosures are not admissible "as evidence on the merits." *See* LPR 1.6. The comment to the rule explains, however, that "[a] party may make reference to the initial disclosures for any other appropriate purpose." LPR 1.6, cmt. Therefore ADI may reference Knowles's initial disclosures at this preliminary stage in the proceedings.

Federal Circuit held that the district court lacked jurisdiction over counterclaims seeking a declaratory judgment of invalidity as to patent claims that had not been included by the patentee in its infringement allegations. *See* 665 F.3d at 1284. The patentee in *Streck* had initially filed a complaint alleging infringement of "one or more claims" of each of the patents in suit. *Id.* Subsequently, the patentee narrowed the number of claims to only nine claims. *Id.* The counterclaimant, however, sought a declaratory judgment that *all* claims in the patent were invalid. The Federal Circuit concluded that there was no case or controversy regarding the defendant's invalidity contentions on claims that were not among the nine narrowed claims because the counterclaimant had failed to demonstrate that there was a "continuing case or controversy with respect to [the] withdrawn or otherwise unasserted claims." *Id.* at 1283.

The counterclaimant in *Streck* did not cite any evidence to support the conclusion that there was a continuing case or controversy, and accordingly the Federal Circuit did not discuss what type of evidence might have been sufficient given the circumstances of the case. *See id.* at 1284. Other decisions, however, have recognized that evidence of a cognizable "threat" of injury, established by reference to past conduct, may establish an actual case or controversy. *See*, *e.g.*, *MedImmune*, 549 U.S. at 130 & 132 n.11 (noting that lower courts have "long accepted" jurisdiction in cases where the plaintiff's declaratory judgment action "is coerced by threatened enforcement action of a private party" and rejecting the Federal Circuit's "reasonable apprehension of suit" test for jurisdiction); *Cardinal Chem. Co.* v. *Morton Int'l, Inc.*, 508 U.S. 83, 96, 113 S. Ct. 1967, 124 L. Ed. 2d 1 (1993) ("Merely the desire to avoid the threat of a 'scarecrow' patent . . . may therefore be sufficient to establish jurisdiction under the Declaratory Judgment Act." (quoting *Bresnick* v. *U.S. Vitamin Corp.*, 139 F.2d 239, 242 (2d Cir. 1943)); *3M*

*Co.* v. *Avery Dennison Corp.*, --- F.3d ----, 2012 WL 987835, at *4–6 (Fed. Cir. Mar. 26, 2012) (plaintiff established a case or controversy where patentee had "effectively charged" plaintiff with infringement of patents through informal communications with plaintiff's intellectual property counsel); *Sony Elecs., Inc.* v. *Guardian Media Techs., Ltd.*, 497 F.3d 1271, 1285 (Fed. Cir. 2007) (although no infringement claim had been filed, case or controversy existed where patentee identified patent claims and allegedly infringing products in correspondence). As the Supreme Court and Federal Circuit have emphasized, there is no requirement that a patentee file an infringement action in order for there to be an actual case or controversy. *See Cardinal Chem.*, 508 U.S. at 96; *Minn. Mining & Mfg. Co.* v. *Norton Co.*, 929 F.2d 670, 673 (Fed. Cir. 1991). Moreover, ADI has cited several cases where the Federal Circuit focused on the prior course of dealing between the parties and explicitly rejected the argument that a patentee's statement that it did not intend to sue for infringement eliminated any controversy between the parties. *See SanDisk Corp.* v. *STMicroelectronics, Inc.*, 480 F.3d 1372, 1383 (Fed. Cir. 2007) ("Having approached SanDisk, having communicated that determination to SanDisk, and then saying that it does not intend to sue, ST is engaging in the kind of extra-judicial patent enforcement with scare-the-customer-and-run tactics that the Declaratory Judgement Act was intended to obviate." (quotation and citation omitted)); *Vanguard Research, Inc.* v. *PEAT, Inc.*, 304 F.3d 1249, 1255 (Fed. Cir. 2002) (criticizing the district court for finding no actual controversy based on patentee's repeated statement that it did not intend to sue for infringement and explaining that "a patentee's present intentions do not control whether a case or controversy exists"); *see also Fina Research, S.A.* v. *Baroid Ltd.*, 141 F.3d 1479, 1483–84 (Fed. Cir. 1998) (threatening letters that created a reasonable apprehension of suit were not mooted by subsequent

5

letter stating that patentee "has not and does not make any claim of infringement" against plaintiff).

Here, unlike in *Streck*, ADI has submitted evidence that there is a case or controversy even though Knowles has withdrawn its claims under the '964 patent. The parties have a history of litigation regarding similar patents, and Knowles filed this lawsuit on the same day that it dismissed a prior lawsuit in this district. *See* Dkt. #78 at 2 n.1. In addition to the complaint, Knowles filed infringement contentions alleging that ADI is infringing the '964 patent. It is also significant that Knowles has refused to dismiss its infringement claims with prejudice and therefore there is no certainty that Knowles will not seek to enforce the '964 patent in the future. *See Prasco, LLC* v. *Medicis Pharm. Corp.*, 537 F.3d 1329, 1341 (Fed. Cir. 2008) (a patentee's refusal to promise not to enforce its patent is relevant to the court's determination of whether there is a case or controversy, although some other affirmative actions are usually necessary (citing *BP Chems.* v. *Union Carbide Corp.*, 4 F.3d 975, 980 (Fed. Cir. 1993)). Taken together, the parties' extensive litigation history and Knowles's conduct in this case establish that the threat of future enforcement actions by Knowles is more than hypothetical and that there is still an ongoing controversy regarding the '964 patent. *Compare with Prasco*, 537 F.3d at 1339–42 (no case or controversy where patentee did not even know about the existence of possibly infringing products until the complaint was served, had not asserted any rights related to the patent, taken any affirmative actions regarding plaintiff's current product, and only filed one prior suit against a different company concerning unrelated patents and products); *Benitec Australia*, 495 F.3d at 1347–48 (no case or controversy where patentee sought dismissal of infringement claim and then promised not to sue the counterclaimant for infringement).

6

Given that the prior litigation between the parties did not relate to the '964 patent, however, ADI will only be permitted to assert counterclaims regarding the specific claims that Knowles placed at issue in this case. *See Streck*, 665 F.3d at 1281 (noting that continuing case or controversy must be evaluated on a claim-by-claim basis). Knowles's initial infringement contentions identified claims 6, 9, 18, 19, 20, and 23 of the '964 patent as being infringed by ADI. *See* Dkt. #78-1 at 2. ADI's counterclaims will be limited to those claims of the '964 patent.

### B. Whether the court should exercise its discretion to decline jurisdiction

Knowles next argues that even if there is a case or controversy regarding the '964 patent, the court should exercise its discretion to decline jurisdiction over ADI's counterclaim. The Declaratory Judgement Act vests courts with "unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton* v. *Seven Falls Co.*, 515 U.S. 277, 286, 115 S. Ct. 2137, 132 L. Ed. 2d 214 (1995). "When there is an actual controversy and a declaratory judgment would settle the legal relations in dispute and afford relief from uncertainty or insecurity, in the usual circumstance the declaratory judgment is not subject to dismissal." *SanDisk*, 480 F.3d at 1383 (quoting *Genentech* v. *Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993)).

Knowles asserts that it would be inequitable to allow ADI to litigate the '964 patent because in another ongoing case, in Delaware, Knowles agreed to withdraw its parallel counterclaims after ADI withdrew two patent infringement claims without prejudice. Knowles does not claim, however, that it was coerced into withdrawing its counterclaims in the Delaware litigation. There is no evidence that allowing ADI to pursue its invalidity counterclaims would

effectively allow ADI to benefit from past misconduct. The court will not decline jurisdiction because of equitable concerns.

Knowles also argues that the court should decline jurisdiction in order to conserve judicial resources, since Knowles may be required to pursue a parallel infringement claim against ADI. Knowles cites no case where a court declined to exercise jurisdiction on these grounds. Indeed, its argument cuts both ways. Given that the court has already determined that there is a case or controversy regarding the '964 patent, judicial resources will be conserved if the related '964 and '049 patents are litigated in a single proceeding. Accordingly, the court will not exercise its discretion to decline jurisdiction over ADI's counterclaims.

### C. Whether ADI's non-infringement counterclaim states a claim upon which relief may be granted

Finally, Knowles argues that ADI's non-infringement counterclaim fails to meet the pleading standards set forth in *Ashcroft* v. *Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), and *Bell Atlantic Corporation* v. *Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Knowles contends that the counterclaim does not put Knowles on notice regarding the specific ADI products that allegedly do not infringe the '964 patent.

This argument is without merit. In its counterclaim, ADI identifies the "accused products" as the products that are at issue in its counterclaim. It is clear from the counterclaim that the term "accused products" refers to the products that Knowles accuses ADI of infringing in its first amended complaint. *See* Dkt. #64 ¶ 9 ("At a minimum, [the '964 and '049 patents] are not infringed because the accused products do not include . . . ."); Dkt. #51 ¶ 7 (alleging that ADI products with model numbers ADMP 401, 404, 405, 421, and 441 have infringed the '049 patent). ADI's counterclaim requesting a declaration of non-infringement will not be denied for

8

failure to state a claim.

## II. Schedule for Assessing and Alleging Compulsory Counterclaims

Knowles requests that it be given a deadline of thirty days prior to the close of a reasonable period for fact discovery to file a second amended complaint alleging a claim for infringement of the '964 patent. It notes that, in general, "a claim for a declaration of noninfringement makes a counterclaim for patent infringement compulsory." *Polymer Indus. Prods. Co.* v. *Bridgestone/Firestone, Inc.*, 347 F.3d 935, 938 (Fed. Cir. 2003); *see also* Fed. R. Civ. P. 13(a). ADI, for its part, asserts that any claim for infringement has been waived. *See Polymer*, 347 F.3d at 938 ("Although not explicit in the text of Rule 13(a), a party that does not assert its compulsory counterclaim in the first proceeding has waived its right to bring the counterclaim and is forever barred from asserting that claim in future litigation.").

Knowles's second amended complaint would be filed after the pretrial scheduling order deadline for filing an amended complaint has passed. *See* Dkt. #50. Under Federal Rule of Civil Procedure 16(b), "[a] [pretrial] schedule may be modified only for good cause and with the judge's consent." In determining whether the moving party has shown "good cause," the court "primarily considers the diligence of the party seeking amendment." *Trustmark Ins. Co.* v. *Gen. Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005) (citation omitted). If the moving party establishes good cause, then the court applies Rule 15(a) to determine whether amendment is proper. *See*, *e.g.*, *Triteq Lock & Sec. LLC* v. *Innovative Secured Solutions, LLC*, No. 10 C 1304, 2011 WL 3203303, at *2 (N.D. Ill. Jul. 21, 2011). Rule 15(a) provides that a court should "freely" grant a motion to amend the complaint "when justice so requires." Given that no dispositive rulings have been made in this case and that Knowles has been diligent in seeking a

new deadline for amendment, the court will allow Knowles to file a second amended complaint.

This case is set for a scheduling conference on April 26, 2012. If the parties are able to agree on a schedule for filing Knowles's second amended complaint, they should submit an agreed order by April 25, 2012 and the scheduling conference will be stricken from the court's call.

## CONCLUSION AND ORDER

For the foregoing reasons, Knowles's motion to dismiss [#74] is granted in part and denied in part. ADI will be permitted to assert counterclaims regarding claims 6, 9, 18, 19, 20, and 23 of the '964 patent. This case is set for a scheduling conference on April 26, 2012. If the parties are able to agree on a schedule for filing Knowles's second amended complaint, they should submit an agreed order by April 25, 2012 and the scheduling conference will be stricken from the court's call.

Dated: April 23, 2012     Enter: _____
                                 JOAN HUMPHREY LEFKOW
                                 United States District Judge